```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                      :
MARK MILLER,                          :
                                      :
          Plaintiff,                  :    Civ. No. 15-5518 (NLH)
                                      :
     v.                               :    OPINION
                                      :
CHARLES E. SAMUELS, et al.,           :
                                      :
          Defendants.                 :
_____:
```

APPEARANCES:
Mark Miller, # 62645-066
FCI Fort Dix
P.O. Box 2000
Joint Base MDL
Fort Dix, NJ 08640
     Plaintiff Pro se

HILLMAN, District Judge

On or about July 13, 2015, Plaintiff Mark Miller, a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed this civil action asserting claims pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (ECF No. 1). This case was previously administratively terminated due to Plaintiff's failure to satisfy the filing fee requirement. (ECF No. 3). However, on or about August 14, 2015, Plaintiff paid the entire fee and the case was reopened for review by a judicial officer.

At this time the Court must review the instant Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). For the reasons set forth below, the Complaint will be DISMISSED for failure to state a claim upon which relief can be granted.

## I.   BACKGROUND

Plaintiff explains that on January 30, 2015, he was placed in the Security Housing Unit ("SHU") and charged with violation the "BOP's [Bureau of Prisons] Prohibition Act Code 328 and 297, i.e., phone abuse and giving or accepting money without authorization." (Compl. 7, ECF No. 1).  Plaintiff states that the Incident Report was written by SIS Officer J. Bartell on January 30, 2015 at 1:50 p.m.  Plaintiff further states that his phone privileges had previously been revoked for a period of 18 months; therefore, his phone was blocked at the time of the incident and incapable of use.  For this reason, Plaintiff contends that the Disciplinary Hearing Officer ("DHO") expunged the Incident Report and deemed the incident to be "inaccurate, false, and border-line malicious." (Compl. 8, ECF No. 1).  Despite the determination by the DHO, Plaintiff was not released from SHU.

Instead, Plaintiff's case was referred to the FBI for further investigation and he remained in SHU. Plaintiff filed formal requests with prison staff seeking an explanation as to why he was still housed in SHU and also seeking release from SHU detention. Plaintiff states that he received conflicting responses, and, as of the date of the Complaint, had not been released from SHU. Plaintiff asserts that Defendants retaliated against him by keeping him in SHU despite the fact that there was no Incident Report, nor were there valid charges against him. Plaintiff further asserts that he is being punished in the form of a transfer to another facility further away from his home.

Plaintiff asks the Court to stay his transfer pending the outcome of this litigation. Plaintiff also wishes to be released from SHU and to return to the general population. Finally, Plaintiff seeks punitive damages in the amount of $2.5 million as well as $250 per day for each day Plaintiff remained in the SHU with no charges against him.

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee

or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing Allah v. Seiverling, 229 F.3d 220, 223 (2000)).  That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as clarified by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678).  "[A]

4

pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n. 2 (3d Cir. 2013); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

Finally, pro se pleadings will be liberally construed. Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted); see also Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

5

III. DISCUSSION

A. Due Process Claim

To the extent Plaintiff means to assert that his placement in SHU violated his constitutional rights, such a claim must be dismissed with prejudice.

Inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (citing Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976)). The Due Process Clause protects liberty interests created by the laws or regulations of a state. See Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  In Sandin, the Supreme Court held that "these interests will be generally limited to freedom from restraint" which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

"In deciding whether a protected liberty interest exists under Sandin, we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003) (citing Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000)).  "[C]onfinement in administrative or punitive

6

segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) (quoting Sandin, 515 U.S. at 486).  Moreover, the Third Circuit has stated that "[b]eing classified to the highest security level in the SHU . . . is not outside what a prisoner 'may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.'" Johnson v. Burris, 339 F. App'x 129, 131 (3d Cir. 2009) (quoting Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted)).

Here, Plaintiff alleges that in January of 2015 he was transferred to the SHU as the result of a prison disciplinary action; and that he remained in SHU during the pendency of an external FBI investigation, and after its conclusion.  These allegations, taken as true, do not lead to a plausible inference that Plaintiff's placement in the SHU imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Accordingly, Plaintiff has not implicated a protected liberty interest. See Robinson v. Norwood, 535 F. App'x 81, 83 (3d Cir. 2013) ("Transfers from lesser to more restrictive units in a prison generally do not implicate a protected liberty interest because some incursions on liberty are to be expected within a prison."); Johnson v.

7

Burris, 339 F. App'x at 131 (affirming district court's sua sponte dismissal of inmate's complaint regarding his transfer to SHU) (citations omitted); Wilson v. Hogsten, 269 F. App'x 193, 195 (3d Cir. 2008) (plaintiff's complaint that he was kept in the SHU during the pendency of a ten-month internal investigation, and for ten weeks afterward, was not a cognizable constitutional claim); Mackey v. Smith, 249 F. App'x 953, 954 (3d Cir. 2007) (prisoner's placement in the SHU was within "the ordinary incidents of prison life" and thus did not violate his constitutional rights); see also Moody, 429 U.S. at 88, n.9 (prison officials have discretion over prison classifications and prisoners have no legitimate due process concerns in them).

Thus, to the extent Plaintiff means to assert a substantive due process claim as a result of his placement in SHU, such a claim must be dismissed with prejudice. See, e.g., Robinson, 535 F. App'x at 84 n.3 (agreeing with district court's decision to deny Robinson's motions to amend the complaint); Johnson, 339 F. App'x at 131 (affirming district court's conclusion that granting leave to amend in Johnson's case would have been futile because the complaint, as amended or supplemented, would fail to state a due process claim upon which relief could be granted pursuant to § 1915(e)(2)(B)).

B. Retaliation Claims

"Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional." Bistrian v. Levi, 696 F.3d 352, 2012 WL 4335958 at *19 (3d Cir. 2012). A prisoner alleging retaliation must show that: (1) he engaged in constitutionally protected conduct, (2) he then suffered some adverse action caused by prison officials; and (3) a causal link existed between the protected conduct and the adverse action. Obiegbu v. Werlinger, 581 F. App'x 119, 122 (3d Cir. 2014) (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). Here, the allegations of the Complaint do not adequately set forth claims for retaliation.

Plaintiff refers to acts of retaliation twice in his Complaint. First, Plaintiff alleges retaliation in the context of a response to his Request for Administrative Remedy that he received from the Warden — a copy of which he attaches to his Complaint as "Exhibit C." (ECF No. 1-3). Specifically, Plaintiff explains that this document, which constitutes the Warden's response to Plaintiff's inquiry as to why he was still in SHU without being charged with a violation, mentions contraband. Plaintiff asserts that, prior to being placed in SHU, he was never informed that introduction of contraband was part of the initial investigation against him. Plaintiff then states that, "it was a malicious concoctment [sic] amongst the

9

staff here at FCI Fort Dix in retaliation of the DHO's determination that the initial charges . . . were all falsified documents and wholly without merit." (Compl. 8-9, ECF No. 1).

Based on these statements, the Court construes Plaintiff's Complaint as asserting a claim that the FCI staff added a contraband charge to Plaintiff's investigation in retaliation for the DHO's determination on the initial Incident Report. This allegation is insufficient to state a claim for retaliation. Although filing an administrative grievance against prison officials is a protected activity for purposes of a retaliation claim, see <u>Robinson v. Taylor</u>, 204 F. App'x 155, 157 (3d Cir. 2006), in this case Plaintiff explicitly states that the adverse action was directly related to the DHO's determination, and not Plaintiff's own conduct. Therefore, Plaintiff has not alleged that he engaged in any constitutionally protected conduct or that a causal link existed between said protected conduct and the adverse action. <u>See</u> <u>Obiegbu</u>, 581 F. App'x at 122.

Plaintiff makes his second reference to retaliation when he explains that all charges and investigations against him were dropped. Specifically, Plaintiff states that his "alleged case was 'kicked back' with no wish to be prosecuted by the FBI. And was no charge at all. Not even an Incident Report. That's because no such thing or incident ever took place. It was

10

retaliation at best[.]" (Compl. 9-10, ECF No. 1). Presumably, the "it" to which Plaintiff refers as retaliation is the filing of the initial Incident Report, which Plaintiff alleges was based on fabricated information.

Even accepting as true Plaintiff's allegation that the charges filed against him were false, thus constituting an adverse action, Plaintiff has failed to allege that he engaged in any constitutionally protected conduct or that the adverse action was related to that protected conduct. See Obiegbu, 581 F. App'x at 122. Accordingly, he has not set forth a claim for retaliation.

Finally, Plaintiff contends that he is "now being transferred to another facility for no reason at all." (Compl. 10, ECF No. 1). To the extent Plaintiff intended to assert a claim for retaliation related to his transfer to another facility, the Court again notes that Plaintiff has failed to allege that he engaged in any constitutionally protected conduct. Thus, Plaintiff has likewise failed to state a claim for retaliation with respect to his transfer.

## IV.  CONCLUSION

For the foregoing reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

Because Plaintiff cannot state a claim a claim for violation of a liberty interest as a result of his placement in SHU, see, e.g., Robinson, 535 F. App'x at 84 n.3 and Johnson, 339 F. App'x at 131, Plaintiff's due process claim will be dismissed with prejudice. See Grayson, 293 F.3d at 108 (a district court may deny leave to amend under Rule 15(a) when amendment is futile).

However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a retaliation claim under Bivens, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint.[1] See Denton, 504 U.S. 25; Grayson, 293 F.3d 103.

An appropriate Order will be entered.

                                          ___s/ Noel L. Hillman_____
                                          NOEL L. HILLMAN
                                          United States District Judge

Dated: October 21, 2015
At Camden, New Jersey

---

[1] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.