UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
MARK MILLER,                            :
                                        :
          Plaintiff,                    :    Civ. No. 15-5518 (NLH)
                                        :
      v.                                :    OPINION
                                        :
CHARLES E. SAMUELS, et al.,             :
                                        :
          Defendants.                   :
_____:

APPEARANCES:
Mark Miller, # 62645-066
FCI Fort Dix
P.O. Box 2000
Joint Base MDL
Fort Dix, NJ 08640
      Plaintiff <u>Pro</u> <u>se</u>

<u>HILLMAN, District Judge</u>

     On or about July 13, 2015, Plaintiff Mark Miller, a
prisoner confined at the Federal Correctional Institution
("FCI") in Fort Dix, New Jersey, filed this civil action
asserting claims pursuant to <u>Bivens v. Six Unknown Fed.</u>
<u>Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619
(1971). (ECF No. 1).  Plaintiff paid the required filing fee
and, on October 21, 2015, the Complaint was dismissed as a
result of this Court's <u>sua</u> <u>sponte</u> screening for failure to state
a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A
(actions in which prisoner seeks redress from a governmental
defendant).

On or about November 16, 2015, Plaintiff filed an
Application to Reopen and an Amended Complaint (ECF No. 7), and
the case was reopened for review by a judicial officer.  At this
time, the Court must review the Amended Complaint to determine
whether it should be dismissed as frivolous or malicious, for
failure to state a claim upon which relief may be granted, or
because it seeks monetary relief from a defendant who is immune
from such relief. See 28 U.S.C. § 1915A.  For the reasons set
forth below, Plaintiff's retaliation claim against Assistant
Warden Dynan will proceed past § 1915A screening; and the
remaining claims in the Complaint will be dismissed.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background of this case is set forth in the
Court's October 21, 2015 Opinion (ECF No. 7) and need not be
repeated in detail here.  In relevant part, Plaintiff states
that on January 30, 2015, he was placed in the Security Housing
Unit ("SHU") as the result of an incident report filed against
him, which was later dismissed. (Am. Compl. 3, ECF No. 7).

Plaintiff's original Complaint, which the Court construed
as setting forth causes of action for due process violations and
retaliation — was dismissed for failure to state a claim. See
(Opinion, Oct. 21, 2015, ECF No. 4).  Specifically, this Court
found that, because Plaintiff did not have a liberty interest in
his placement, any substantive due process claim as a result of

2

his transfer to the SHU was dismissed with prejudice.  This Court also found that Plaintiff had failed to allege that he engaged in any constitutionally protected conduct or that a causal link existed between said protected conduct and his transfer to the SHU; therefore, he had not set forth a claim for retaliation.  Plaintiff's retaliation claims were dismissed without prejudice.

In his Amended Complaint, Plaintiff names as defendants three of the defendants who were named in the initial Complaint: (1) Charles E. Samuels, Director of the Bureau of Prisons; (2) J. Hollingsworth, Warden of FCI Fort Dix; and (3) SIS Officer Bartell.  Plaintiff also adds Assistant Warden Dynan as a defendant. (Am. Compl. 2, ECF No. 7).  The allegations of the Amended Complaint relate either to Plaintiff's transfer to the SHU, the conditions of his confinement there, or events that transpired while he was housed in the SHU.[1]

Plaintiff divides his Amended Complaint into three subsections: "(1) Post-Traumatic Stress Disorder; and Dysthymic Disorder; (2) 8th Amendment Violation (Equal Protection Clause); [and] (3) Retaliation (for exercising his 1st Amendment Right)[.]" (Am. Compl. 3, ECF No. 7).

---

[1] Plaintiff also submits a Petition to Submit Record and Affidavit in Support of his Amended Complaint. (ECF No. 9).  The Court has read and considered these documents.

It is evident from the section of the Amended Complaint titled "Post-Traumatic Stress Disorder" ("PTSD") that Plaintiff means to assert a claim challenging the conditions of his confinement as in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (Am. Compl. 3-5, ECF No. 7).  Specifically, Plaintiff asserts that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference cause[s] him harm." (Am. Compl. 4, ECF No. 7).

In the section of the Amended Complaint titled "The Officials['] Deliberate Indifference to the Risk Pose[d] by Miller's Continued Detention in the SHU[,]" Plaintiff continues to describe the conditions of his confinement. (Am. Compl. 5, ECF No. 7).  In addition, he also appears to assert a due process violation. (Am. Compl. 6, ECF No. 7).

Finally, in the section of the Amended Complaint titled "First Amendment Retaliation[,]" Plaintiff renews his claims of retaliation, and also asserts an equal protection violation. With respect to his equal protection claim, Plaintiff explains that, while he was in the SHU, he was not allowed to visit with his dying mother.  However, Plaintiff states that another

similarly situated inmate in the SHU was allowed visitation privileges. (Am. Compl. 7-8, ECF No. 7).

Plaintiff seeks declaratory and injunctive relief (Am. Compl. 9, ECF No. 7); however, he does not describe the nature of the injunctive relief he seeks.  He also requests compensatory and punitive damages in the amount of $500,000 and $2.5 million, respectively, against each Defendant.

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing Allah v. Seiverling, 229 F.3d 220, 223 (2000)).  That standard

5

is set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as clarified by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n. 2 (3d Cir. 2013); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000)

(dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

Finally, pro se pleadings will be liberally construed. Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted); see also Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III. DISCUSSION

A. Claims against Defendants in their Official Capacities

As an initial matter, Plaintiff states that "[e]ach defendant is sued in their individual and in his official capacity." (Am. Compl. 2, ECF No. 7).  However, "[a]n action against government officials in their official capacities constitutes an action against the United States; and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver." Lewal v. Ali, 289 F. App'x 515, 516 (3d Cir. 2008) (citing FDIC v. Meyer, 510 U.S. 471, 483, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979)).  Accordingly, Plaintiff's Bivens claims against Defendants in their official capacities are dismissed with prejudice.

To the extent Plaintiff seeks injunctive and declaratory relief against Defendants in their official capacity, he fails

to specify the relief sought and, as discussed below, fails to set forth a facially plausible claim for relief.  Therefore, his claims for injunctive and declaratory relief against Defendants in their official capacities are dismissed.

B. Conditions of Confinement Claim

"Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 825, 114 S. Ct. 1970, 1973, 128 L. Ed. 2d 811 (1994); see also Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981) (holding that the Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments" on those convicted of crimes).  To state a claim against a prison official for an Eighth Amendment violation, a prisoner must allege an objective and a subjective component.  Namely, "(1) 'the deprivation alleged must be, objectively, sufficiently serious;' and (2) the 'prison official must have a sufficiently culpable state of mind.'" Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001) (quoting Farmer, 511 U.S. at 834); see also Wilson v. Seiter, 501 U.S. 294, 294, 111 S. Ct. 2321, 2322, 115 L. Ed. 2d 271 (1991).

A plaintiff may satisfy the objective component of a conditions of confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such

as essential food, clothing, shelter, sanitation, medical care, and personal safety. Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F .2d 351, 364 (3d Cir. 1992).  The subjective component is satisfied where "the official has acted with 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 826.  In other words, a prisoner must show that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Id. at 837.

In the Amended Complaint, Plaintiff describes the conditions of his confinement in the SHU.  Specifically, he states that inmates "receive meals in their cells with no communal time permitted," that the recreational activities are "virtually nonexisten[t]," that "basic supplies such as toilet paper and soap are difficult to obtain," that "sensory deprivation" occurs due to poor lighting and "smoked windows to prevent outside visibility," that the medical care is "absent or deficient," and that inmates have "reduced access to personal property . . . and limited ability to file administrative grievances." (Am. Compl. 5, ECF No. 7).[2]  Plaintiff also states

---

[2] The Court notes that Plaintiff's description of the nature of his confinement in the SHU is a verbatim recitation of the allegations made by the plaintiff in Bistrian v. Levi, 696 F.3d 352, 374 (3d Cir. 2012).  Nevertheless, this Court will accept the allegations of Plaintiff's Amended Complaint as an accurate description of the conditions of his confinement in the SHU.  To the extent Plaintiff believed that repeating the claims made in Bistrian would assist him in succeeding on his own claims,

that he was diagnosed with PTSD and Dysthmic disorder after being confined in the SHU (Am. Compl. 3, ECF No. 7), and that he "experienced nightmares, resulting in poor sleep" (Am. Compl. 8, ECF No. 7).

Although the conditions which Plaintiff describes are unpleasant, Plaintiff has presented no evidence suggesting that he was denied basic human needs. See, e.g., Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). Instead, Plaintiff confirms that he receives meals, and that basic supplies — while difficult to obtain — are available. Plaintiff's assertion that medical care in the SHU is "absent or deficient" is contradicted by Plaintiff's assertion that he was "diagnosed at various times" with mental conditions and that he was prescribed medication during his time in the SHU, (Am. Compl. 8, ECF No. 7), and by the BOP Psychology Services records Plaintiff submitted, which confirm that Plaintiff had access to medical care and report that he was monitored during weekly psychology rounds while confined in the SHU (Records 6-7, ECF No. 9).

---

Plaintiff is informed that the facts in Bistrian are distinguishable from the facts of this case. Significantly, the plaintiff in Bistrian was a pretrial detainee; whereas Plaintiff in this case is a convicted and sentenced inmate. See Bistrian, 696 F.3d at 372 (quoting Cobb v. Aytch, 643 F.2d 946, 962 (3d Cir. 1981) (en banc)) ("[P]retrial detainees have 'federally protected liberty interests that are different in kind from those of sentenced inmates.'").

Likewise, Plaintiff's contention that he had reduced access to legal materials and a limited ability to file administrative grievances in the SHU is belied by his assertion that he exhausted his administrative remedies (Am. Compl. 9, ECF No. 7), and by the fact that he filed this civil action (ECF No. 1).

For these reasons, the allegations of the Amended Complaint regarding the conditions of Plaintiff's confinement do not satisfy the objective component of a conditions of confinement claim under the Eighth Amendment.

Moreover, Plaintiff has failed to plead any facts which would satisfy the subjective component of a conditions of confinement claim. Namely, Plaintiff fails to identify which prison official(s) acted with deliberate indifference. With the exception of Assistant Warden Dynan, the Amended Complaint does not allege any actions or omissions on the part of the named defendants. And Plaintiff's specific allegations regarding Assistant Warden Dynan relate only to her refusal to approve visitation privileges. Thus, the Amended Complaint fails to allege that any of the named defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. Accordingly, any claim Plaintiff means to assert for violations of his Eight Amendment rights based on the conditions of his confinement is dismissed for failure to state a claim upon which relief can be granted. See, e.g., Brown v. United States, No. 11-4421, 2014 WL

11

1407398, at *5 (D.N.J. Apr. 11, 2014) (discussing district court's previous <u>sua sponte</u> dismissal of Eighth Amendment conditions of confinement claim with prejudice after determining that plaintiff had failed to allege both the objective and subjective components).

C. <u>Due Process Claim</u>

As explained to Plaintiff in the Court's October 27, 2015 Opinion (ECF No. 4), any substantive due process claim as a result of Plaintiff's placement in SHU was dismissed with prejudice. <u>See, e.g.,</u> <u>Robinson v. Norwood</u>, 535 F. App'x 81, 84 n.3 (3d Cir. 2013) (agreeing with district court's decision to deny Robinson's motions to amend the complaint); <u>Johnson v. Burris</u>, 339 F. App'x 129, 131 (3d Cir. 2009) (affirming district court's conclusion that granting leave to amend in Johnson's case would have been futile because the complaint, as amended or supplemented, would fail to state a due process claim upon which relief could be granted pursuant to § 1915(e)(2)(B)).  As such, Plaintiff may not reassert this claim in his Amended Complaint.

The Court notes, however, that Plaintiff has altered his argument somewhat to focus on the amount of procedural due process he was afforded.  Specifically, Plaintiff states that his rights to procedural due process were violated because he "was never issued an incident report or charged by any outside agency." (Am. Compl. 6, ECF No. 7).  As an initial matter,

Plaintiff's assertion that he "was never issued an incident report" is misleading at best, and is contradicted by Plaintiff's statement earlier in the Amended Complaint that there was, in fact, "an incident report that was later dismissed." (Am. Compl. 3, ECF No. 7).[3]

Moreover, this Court reiterates that Plaintiff has not implicated a liberty interest; therefore, he is not entitled to due process. See Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Robinson v. Norwood, 535 F. App'x 81, 83 (3d Cir. 2013) ("Transfers from lesser to more restrictive units in a prison generally do not implicate a protected liberty interest because some incursions on liberty are to be expected within a prison."); Johnson v. Burris, 339 F. App'x 129, 131 (3d Cir. 2009) (quoting Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted)) ("Being classified to the highest security level in the SHU . . . is not outside what a prisoner 'may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.'").

Further, Plaintiff's reliance on Shoats v. Horn, 213 F.3d 140 (3d Cir. 2000) is misplaced.  As explained to Plaintiff in this Court's October 27, 2015 Opinion, the inquiry of whether a

---

[3] The Court also notes that Plaintiff devoted a significant portion of the original Complaint to describing the incident report and the disciplinary hearing officer's determination as a result of that incident report. See (Compl. 7-8, ECF No. 1).

protected liberty interest exists under <u>Sandin</u> is fact-specific;
and courts should "consider the duration of the disciplinary
confinement and the conditions of that confinement in relation
to other prison conditions." <u>Mitchell v. Horn</u>, 318 F.3d 523, 532
(3d Cir. 2003) (citing <u>Shoats</u>, 213 F.3d at 144).  Thus, in
<u>Shoats</u>, the court held that "eight years in administrative
custody, with no prospect of immediate release in the near
future, is 'atypical' in relation to the ordinary incidents of
prison life" such that the plaintiff there had a protected
liberty interest. <u>Id.</u> at 143.

The allegations of the Amended Complaint, taken as true,
establish that Plaintiff was confined in the SHU for 241 days —
from January 30, 2015 to September 28, 2015 — while an
investigation was pending.  The conditions of Plaintiff's
confinement, discussed above, are not atypical in relation to
the ordinary incidents of prison life.  Also, aside from the
visitation issue discussed in relation to Plaintiff's equal
protection claim infra, the Amended Complaint does not allege
any facts to suggest that the hardships Plaintiff endured in the
SHU were any greater in relation to the hardships endured by
other prisoners.  To the contrary, in describing the nature of
his confinement in the SHU, Plaintiff describes the conditions
endured by prisoners, in general. <u>See</u> (Am. Compl. 5, ECF No. 7)
("<u>Inmates</u> . . . receive meals in <u>their</u> cells[.]") (emphasis

14

added).  Thus, in considering the duration of his disciplinary confinement, and the actual conditions of that confinement in relation to the hardships endured by other prisoners, Plaintiff has not alleged facts sufficient to trigger a liberty interest under Sandin.  See, e.g., Wilson v. Hogsten, 269 F. App'x 193, 195 (3d Cir. 2008) (plaintiff's complaint that he was kept in the SHU during the pendency of a ten-month internal investigation, and for ten weeks afterward, was not a cognizable constitutional claim); Cf. Pressley v. Blaine, 352 F. App'x 701, 706 (3d Cir. 2009) (remanding to district court for fact-specific inquiry into whether a liberty interest was implicated).

Because no liberty interest is implicated, any due process claim asserted by Plaintiff, substantive or procedural, is dismissed with prejudice.

D. Retaliation Claims

"Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional." Bistrian v. Levi, 696 F.3d 352, 2012 WL 4335958 at *19 (3d Cir. 2012).  A prisoner alleging retaliation must show that: (1) he engaged in constitutionally protected conduct, (2) he then suffered some adverse action caused by prison officials; and (3) a causal link existed between the protected conduct and the adverse action.

<u>Obiegbu v. Werlinger</u>, 581 F. App'x 119, 122 (3d Cir. 2014)

(citing <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001)).

The claims for retaliation set forth in Plaintiff's initial Complaint were dismissed because Plaintiff failed to allege that he engaged in any constitutionally protected conduct or that the adverse action was related to that protected conduct. <u>See</u> (Opinion 10-11, Oct. 21, 2015, ECF No. 4).

In the Amended Complaint, Plaintiff reasserts one of his previous claims for retaliation.  Plaintiff clarifies that he was retaliated against "for protesting the common practices in the orderly running of the daily operations of the facility[;]" and that "after [he] started complaining about the living quarters to the Duty Officer's [sic] and Warden, [Plaintiff] was (1) placed in the SHU, (2) received an administrative detention order[.]" (Am. Compl. 6, ECF No. 7).  However, with respect to his placement in the SHU, Plaintiff does not clarify which named Defendant retaliated against him by placing him there.  Although Plaintiff mentions the Warden as one of the officials to whom Plaintiff made complaints, Plaintiff does not allege that the Warden made the decision to transfer him; nor does Plaintiff allege facts which suggest a causal link between his complaints about the living quarters and his transfer.  To the contrary, the record before the Court — specifically, the response to Plaintiff's inmate request form (Am. Compl. 19, Ex. B, ECF No.

7) and Plaintiff's own assertion (Am. Compl. 3, ECF No. 7) —
indicates that Plaintiff was transferred to the SHU as the
result of an incident report which had been filed against him.[4]
Accordingly, to the extent Plaintiff asserts that prison
officials retaliated against him by placing him in the SHU, he
has again failed to allege facts sufficient to state a claim
upon which relief can be granted, and this claim will be
dismissed.

The Court also construes the Complaint as alleging a second
claim for retaliation.  Specifically, Plaintiff states that
Assistant Warden Dynan ("Dynan") retaliated against him by

---

[4] The Court further notes that Plaintiff states in the Amended
Complaint, "Instead, defendants argue that Miller has not
plausibly alleged an adverse action, this is where Miller
asserts his diagnosed PTSD and Dysthymic Disorder comes into
play." (Am. Compl. 7, ECF No. 7).  The Amended Complaint has not
yet been screened by the Court and, as such, has not been
formally filed or served upon Defendants.  Therefore, it is
unclear how or why Plaintiff believes Defendants have challenged
his retaliation claim on the basis that he has not properly pled
an adverse action.  Because of Plaintiff's previous use of
language from the Bistrian case with regard to the conditions of
his confinement, it is likely that Plaintiff also acquired this
adverse action language from Bistrian.  See Bistrian, 696 F.3d at
376 ("Instead, Appellants argue that Bistrian has not plausibly
alleged an 'adverse action'[.]").  This Court need not address
whether Plaintiff has plausibly alleged an adverse action
because, as set forth above, this Court finds that Plaintiff has
failed state a claim for retaliation because he does not
identify the prison official(s) whose actions or omissions
resulted in the adverse action; nor does he allege facts which
suggest a causal link between his complaints about the living
quarters and the adverse action.

denying him a visit with his dying mother.  Plaintiff further
states that, in response to his inquiry regarding a phone call
from Plaintiff's family, Dynan stated to him, "I don't care what
happens to your Mother.  Maybe you will think about that the
next time you decide to write us up, and go over my head, to the
Warden." (Am. Compl. 8, ECF No. 7).  Plaintiff also submits the
affidavits of two inmates who allegedly witnessed Dynan making
these statements. (Affidavits 3-4, ECF No. 9).  This claim for
retaliation will not be dismissed at this time.

     E. Equal Protection Claim

     Finally, Plaintiff asserts that his right to equal
protection has been violated because a white inmate in the SHU
was permitted "to have visitation privileges on a non-visiting
day" while Plaintiff, a black inmate[5], was denied visitation
privileges altogether. (Am. Compl. 8, ECF No. 7).  Plaintiff
alleges that he and the white inmate were similarly situated,
yet Plaintiff was treated differently. See Williams v. Morton,
343 F.3d 212, 221 (3d Cir. 2003) (citations omitted) ("To
prevail on an equal protection claim, a plaintiff must present

---

[5] Although Plaintiff does not clarify this in his Amended
Complaint, a review of the Bureau of Prison's website describes
Plaintiff's race as "black." See http://www.bop.gov/inmateloc/.

evidence that s/he has been treated differently from persons who are similarly situated.").

However, nothing in the Amended Complaint — or in the affidavits from other prisoners submitted in support of the Amended Complaint, (ECF No. 9) — suggests that race played any role in the decision to deny Plaintiff visitation privileges. To the contrary, Plaintiff specifically asserts in his Amended Complaint that the decision to deny him visitation privileges was based on retaliation, not on race. (Am. Compl. 8, ECF No. 7) ("AW Dynan used [Plaintiff's] mother['s] death to retaliate against him."). Accordingly, Plaintiff has not adequately pled a cause of action for a violation of his equal protection rights, and this claim will be dismissed without prejudice.

### IV.   SERVICE OF THE COMPLAINT

Plaintiff has not been granted in forma pauperis status in this case. Therefore, he is not automatically entitled to assistance from the United States Marshal in serving the summons. Plaintiff must serve the Complaint upon Defendant Assistant Warden Dynan in accordance with Rule 4 of the Federal Rules of Civil Procedure, see FED. R. CIV. P. 4(i) (discussing requirements for service upon the United States and its employees); FED. R. CIV. P. 4(l) (discussing proof of service); FED. R. CIV. P. 4(m) (providing time limit for service).

19

V.   <u>CONCLUSION</u>

For the foregoing reasons, all claims against Defendants in their official capacities will be dismissed with prejudice. Hence the following discussion applies to the Defendants in their individual capacities only.  Plaintiff's retaliation claim against Assistant Warden Dynan will not be dismissed at this time.  The remainder of the claims in the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.  Therefore, Defendants Charles E. Samuels, J. Hollingsworth, SHU Lieutenant McCool, SIS Lieutenant Bittner, SIS Officer Salazar and SIS Officer Bartell are dismissed from this suit.

Because Plaintiff cannot state a claim a claim for violation of a liberty interest as a result of his placement in the SHU, <u>see, e.g.,</u> <u>Robinson</u>, 535 F. App'x at 84 n.3 and <u>Johnson</u>, 339 F. App'x at 131, Plaintiff's procedural due process claim will be dismissed with prejudice. <u>See</u> <u>Grayson</u>, 293 F.3d at 108 (a district court may deny leave to amend under Rule 15(a) when amendment is futile).

However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state an Eighth Amendment conditions of confinement claim, equal protection claim, or a retaliation claim under <u>Bivens</u>, the Court will grant Plaintiff leave to file an application to re-open

20

accompanied by a second proposed amended complaint.[6] See <u>Denton</u>,

504 U.S. 25; <u>Grayson</u>, 293 F.3d 103.

    An appropriate Order will be entered.


                                _____s/ Noel L. Hillman_____
                                  NOEL L. HILLMAN
                                  United States District Judge

Dated: May 19, 2016
At Camden, New Jersey

---

[6] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See <u>West Run Student Housing Associates, LLC v. Huntington National Bank</u>, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. <u>Id.</u>