```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
_____
                                       :
MARK MILLER,                           :
                                       :
          Plaintiff,                   :   Civ. No. 15-5518 (NLH)
                                       :
     v.                                :   OPINION
                                       :
ASSISTANT WARDEN DYNAN,                :
                                       :
          Defendant.                   :
_____:
```

APPEARANCES:
Mark Miller, # 62645-066
FCI Loretto
P.O. Box 1000
Loretto, PA 15940
     Plaintiff Pro se

HILLMAN, District Judge

This matter is presently before the Court upon receipt of applications by Plaintiff to proceed in forma pauperis (ECF No. 12) and to file a second amended complaint (ECF No. 13). For the reasons set forth below, Plaintiff's applications will be DENIED.

I.   PROCEDURAL HISTORY

On or about July 13, 2015, Plaintiff Mark Miller, a prisoner formerly confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this civil action asserting claims pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971). (ECF No. 1). Plaintiff paid the required filing fee

and, on October 21, 2015, the Complaint was dismissed as a result of this Court's sua sponte screening for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).

On or about November 16, 2015, Plaintiff filed an Application to Reopen and an Amended Complaint (ECF No. 7), and the case was reopened for review by a judicial officer. The Amended Complaint was screened pursuant to § 1915A and all but one of Plaintiff's claims were dismissed. Namely, only Plaintiff's retaliation claim against Assistant Warden Dynan was permitted to proceed past § 1915A screening. However, the Court noted that it was "conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state an Eighth Amendment conditions of confinement claim, equal protection claim, or a retaliation claim under Bivens[;]" accordingly, the Court "grant[ed] Plaintiff leave to file an application to re-open accompanied by a second proposed amended complaint." (Opinion 20-21, May 19, 2016, ECF No. 10).

On or about June 7, 2016, the Court received two applications from Plaintiff: (1) an application to proceed in forma pauperis (ECF No. 12); and (2) an application to file second amended complaint (ECF No. 13).

## II.   IN FORMA PAUPERIS

Under certain circumstances, this Court may permit an indigent plaintiff to proceed in forma pauperis.  Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. §

1915(a)(1), (2). More specifically, he does not submit an institutional account statement, certified by an appropriate official, for the six-month period immediately preceding the filing of this Complaint. See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F. App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same). See also Rohn v. Johnston, 415 F. App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

For these reasons, Plaintiff's application to proceed in forma pauperis will be denied. The Court will instruct the Clerk of the Court to supply to Plaintiff a blank form entitled "Affidavit of Poverty and Account Certification (Civil Rights) (DNJ-ProSe-007-A-(Rev.05/2013))," to be used by Plaintiff in any future application to proceed in forma pauperis.[1]

---

[1] To the extent Plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified institutional account statement and the correctional officials'

III. <u>AMENDMENT</u>

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. Fed. R. Civ. P. 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Consistent with the plain language of this rule, leave to amend rests in the discretion of the court. That discretion, however, is governed by certain basic principles, which are embodied in Rule 15. Thus, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend. See <u>Bjorgung v. Whitetail Resort, LP</u>, 550 F.3d 263 (3d Cir. 2008); <u>Cureton v. National Collegiate Athletic Ass'n.</u>, 252 F.3d 267 (3d Cir. 2001).

---

refusal to comply, including the dates of such events and the names of the individuals involved.

5

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quotations and citations omitted); see also Lutz v. Philips Elecs. N. Am. Corp., 347 F. App'x 773, 777 (3d Cir. 2009) ("Although leave to amend a complaint under Rule 15(a) should be liberally granted, we have held that such leave should not be permitted where an amendment to the complaint would be futile."). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). In assessing "futility," courts apply the same standard that governs a motion to dismiss under Rule 12(b)(6). See Shane, 213 F.3d at 115.

A. Analysis

In the Amended Complaint, Plaintiff asserted an Eighth Amendment violation based on the conditions of his confinement, retaliation claims, and an equal protection violation. As a result of this Court's sua sponte screening, all of Plaintiff's claims were dismissed for failure to state a claim with the exception of his retaliation claim against Assistant Warden Dynan. (ECF No. 11).

In his application to amend, Plaintiff includes the proposed amendments which would be included in his second

6

amended complaint. (ECF No. 13).  However, the "Background and Facts" section of his application is essentially a verbatim recitation of his Amended Complaint, which this Court has already screened and found to be insufficient to state causes of action based on conditions of confinement, equal protection, or due process.

The Court perceives only two differences between the Amended Complaint and Plaintiff's proposed second amended complaint.  First, the allegations of second amended complaint are specific to Defendant Dynan only. (ECF No. 13 at 1). Second, the proposed second amended complaint includes an additional paragraph in which Plaintiff states the following:

> Miller asserts that his long term isolation in administrative custody, within the SHU [Secured Housing Unit] has constituted an atypical and significant hardship that amounts to a violation of substantive and procedural due process, as well as violations of his right to equal protection and to be free from retaliation for exercising protected First Amendment activity; (By refusing to let him visit with his now deceased mom). Miller also brings an Equal Protection claim under a "class of one" theory, alleging that he is singularly being treated differently, amore [sic] harshly, than Brian Latulipe. Miller seeks declaratory and injunctive relief to stop what he perceives as violations of Prison policies, and seeks compensatory and punitive damages.

(ECF No. 13 at 4).

Plaintiff's proposed changes do not cure the deficiencies noted in the Court's May 19, 2016 Opinion, and do nothing to change the analysis set forth therein. (ECF No. 10).

Accordingly, Plaintiff's proposed amended claims — whether based on the conditions of his confinement, on substantive and procedural due process, or on his equal protection rights — would fail for the same reasons discussed in detail in the May 19, 2016 Opinion. The Court declines to reiterate those reasons in the instant Opinion.

Because Plaintiff's proposed second amended complaint would fail to set forth any claims upon which relief could be granted, amendment would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434. Therefore, Plaintiff will not be granted leave to amend his Amended Complaint. See Lutz, 347 F. App'x at 777.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's application for leave to file a second amended complaint will be DENIED and Plaintiff's application to proceed in forma pauperis will be DENIED. The Court will instruct the Clerk of the Court to supply to Plaintiff a blank form entitled "Affidavit of Poverty and Account Certification (Civil Rights) (DNJ-ProSe-007-A-

(Rev.05/2013))," to be used by Plaintiff in any future application to proceed in forma pauperis.

An appropriate Order will be entered.

                                                      s/ Noel L. Hillman  
                                               NOEL L. HILLMAN  
                                               United States District Judge

Dated: July 6, 2016  
At Camden, New Jersey